HARDING, Justice.
We have for review Service Insurance Co. v. Chiles, 660 So.2d 734, 742 (Fla. 1st DCA 1995), in which the First District Court of Appeal certified the following question to be of great public importance:
GIVEN THE REQUIREMENT OF ARTICLE III, SECTION 19(f)(1), THAT NO TRUST FUND BE CREATED EXCEPT “IN A SEPARATE BILL FOR THAT PURPOSE ONLY,” MAY THE LEGISLATURE INCLUDE WITHIN A BILL CREATING A TRUST FUND ALL ITEMS THAT RELATE TO THE PURPOSE, ADMINISTRATION, AND FUNDING OF THE TRUST FUND, OR SHOULD THE BILL CREATING THE TRUST FUND . BE LIMITED TO THOSE MATTERS LOGICALLY INDISPENSABLE TO THE TRUST FUND’S CREATION?
*923 We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution and answer the first clause of the certified question in the affirmative.
The legislature enacted chapter 93 — 409, Laws of Florida, in November 1993, during a special session called due to a potential crisis in the insurance industry in the aftermath of Hurricane Andrew. Chapter 93-409 created the Florida Hurricane Catastrophe Fund (CAT Fund) which is funded by assessments on insurers and is administered by the State Board of Administration (SBA), which includes the Governor, the Comptroller, and the Insurance Commissioner. The law establishing the CAT Fund was codified as section 215.555, Florida Statutes (Supp.1994).
A number of insurance companies filed a multi-count complaint attacking the CAT Fund on various grounds. However, the other counts were stayed pending resolution of the claim that chapter 93-409 violated article III, section 19(f)(1) of the Florida Constitution.[1] On cross-motions for summary judgment, the circuit court found that the statute was constitutional. The insurers appealed.
On appeal, the First District Court of Appeal held that the statute was constitutional. Service Ins. Co., 660 So.2d at 739. Writing for the court, Judge Wolf stated that the intent of article III, section 19(f)(1) “is to make it more difficult to create trust funds (three-fifths vote requirement), and to make such funds more accountable by subjecting them to the detailed planning and appropriation process created in subsections (a) through (h) of article III, section 19.” Id. at 738. The district court stated that a statute relating to the creation of trust funds and which implements article III, section 19(f)(1) reveals the legislature’s contemporaneous construction of the provision and that construction is strongly presumed to be correct. Id. at 738. The court concluded that “the Legislature reasonably interpreted the constitutional provision to mean that items related to the purpose, administration, and funding should be included within a bill creating a trust fund.” Id. at 738. The district court found the statute to be constitutional because it deemed all of the challenged provisions to be directly related to the purpose, funding, administration and regulation of the CAT Fund. Id. at 739.
Writing in dissent, Judge Webster stated that the phrase “in a separate bill for that purpose only” in the constitutional provision can only refer to the creation of trust funds and thus a bill creating a trust fund must be limited to “matters logically indispensable to the creation of such a fund.” Id. at 74ÍM1 (Webster, J., dissenting). Judge Webster concluded that many of the provisions in chapter 93-409 fall outside matters necessary to the creation of the CAT Fund, and thus chapter 93-409 violates article III, section 19(f)(1). Id. at 741-42 (Webster, J., dissenting).
Upon the insurers’ motion for certification, the district court certified the above question as one of great public importance to this Court. Id. at 742.
The insurers argue that the language of article III, section 19(f)(1) restricts a bill creating a trust fund to items necessary to the creation of the fund. They also assert that chapter 93-409 includes several provisions which are unnecessary to the creation of the trust fund, including provisions dealing with reimbursement premiums, revenue bonds, and violations of the statute as well as a provision amending the retaliatory tax statute in the Florida Insurance Code. See ch. 93-409, §§ 1, 4, at 4, 5, 7, Laws of Fla.[2] According to the insurers, the district court’s interpretation of article III, section 19(f)(1) opens the door to political pressure and logrolling, which is exactly what the constitutional provision was meant to prevent.
The Governor, on the other hand, asserts that constitutional provisions should not be interpreted too literally, but should be eon- *924 strued more broadly and liberally than statutes. He also notes that the trust fund restriction of article III, section 19(f)(1) was designed to make it more difficult to create a trust fund and to make such funds accountable in the overall budgetary and appropriations process as detailed in other subsections of the constitutional provision.
In accordance with the district court’s interpretation of the constitutional provision, we find that article III, section 19(f)(1) limits legislation creating a trust fund to those items related to the purpose, administration, and funding of the fund. Thus, we answer the first clause of the certified question in the affirmative and the second clause of the question in the negative.
Article III, section 19 became effective in November 1992. In 1993, the legislature amended section 215.3207,[3] the statute setting forth the criteria for creating a trust fund, in order to conform to the requirements of article III, section 19(f).[4] Such a contemporaneous construction of the constitution by the legislature is presumed to be correct. See Brown v. Firestone, 382 So.2d 654, 671 (Fla.1980) (finding three years between a constitutional amendment and the enactment of a statute by the legislature construing that amendment to be relatively contemporaneous and therefore strongly presumed to be correct). As set forth in section 215.3207, the legislature interpreted article III, section 19(f)(1) to mean that items relating to the purpose, administration, and funding should be included within a bill creating a trust fund.
We agree with the district court that the intent of article III, section 19 is to make it more difficult for the legislature to create trust funds and to make those funds more accountable by subjecting them to the detailed planning and appropriation process created in subsections (a) through (h) of the constitutional provision. See Service Ins. Co., 660 So.2d at 738. The insurers’ narrow interpretation of article III, section 19(f)(1) circumvents this constitutional intent by only requiring a three-fifths vote for the creation of a skeletal trust fund, but not for the substance of the fund, i.e., items concerning its purpose, administration, and funding. This is not a reasonable interpretation of article III, section 19(f), as it does not further the intent of the constitutional provision.
We find that chapter 93^09 complies with article III, section 19(f)(1) by limiting its provisions to items related to the purpose, administration, and funding of the CAT Fund. As the majority below noted, “[m]at-ters relating to regulation and solvency of the fund clearly fall within the parameters of administration and funding.” Service Ins. Co., 660 So.2d at 738.
Finally, we also agree with the district court that the specific provisions challenged by the insurers directly relate to the purpose, funding, administration, and regulation of the CAT Fund. Accordingly, we adopt the district court’s analysis as to the challenged provisions. See id. at 739. The insurers also challenge the provision which created section 215.555(10), providing that any violation of the CAT Fund statute also constitutes a violation of the Insurance Code. While the insurers challenged this provision before the *925 circuit court, the majority below did not rule on the constitutionality of this specific provision. Thus, we decline to address the provision.
For the reasons expressed above, we approve the decision of the district court and find that chapter 98-409 does not violate article III, section 19 of the Florida Constitution.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, WELLS and ANSTEAD, JJ., concur.

. "No trust fund of the State of Florida or other public body may be created by law without a three-fifths (3/5) vote of the membership of each house of the legislature in a separate bill for that purpose only." Art. Ill, § 19(f)(1), Fla. Const.

. The challenged provisions were codified as sections 215.555(5)(d), (6)(a)-(c), (10), Florida Statutes (Supp.1994). One of the challenged provisions amended section 624.5091(3), Florida Statutes (Supp.1994),

. Section 215.3207, Florida Statutes (1993), provides that:
All trust funds shall be established by the Legislature by a three-fifths vote of the membership of each house in a separate bill for that purpose only and shall be created by statutory language that specifies at least the following:
(1) The name of the trust fund.
(2) The agency or branch of state government responsible for administering the trust fund.
(3) The requirements or purposes which the trust fund is established to meet.
(4) The sources of moneys which shall be credited to the trust fund or specific sources of receipts to be deposited into the trust fund.
(5)A requirement that the trust fund shall be abolished not more than 4 years after the effective date of the act authorizing its creation, if such abolition is required by s. 19(f)(2), Art. Ill of the State Constitution.

. See ch. 93-159, § 3, at 938-39, Laws of Fla. The prefatory language to chapter 93-159 provides, in pertinent part, that it is an act "amending s. 215.3207, F.S.; providing for establishment of trust funds by a three-fifths vote of each house of the Legislature and for a specified lifespan, to conform to the requirements of the State Constitution." Id. at 935 (emphasis added).